UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEMETRIOUS D. JOHNSON,

      Plaintiff,

v.                            Case No.:  2:26-cv-27-SPC-DNF

LEE COUNTY SHERIFF'S
OFFICE *et al.*,

      Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Demetrious D. Johnson's Complaint (Doc. 1).  Johnson is a pretrial detainee in Lee County Jail, and he seeks monetary damages from the county and four county officials.  The Court granted him leave to proceed *in forma pauperis*, so it must review the complaint to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).

Johnson must correct certain deficiencies in his complaint before the Court can conduct a meaningful review.  First, the Complaint does not comply with Federal Rule of Civil Procedure 10, which requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  This rule is important.  It enables defendants

to respond to each factual claim, which alerts the court and the parties to the factual claims that are in dispute. To proceed with this action, Johnson must organize his factual allegations into separate, numbered paragraphs as required by Rule 10.

Second, the factual allegations are too vague. Johnson does not describe any specific incidents of a defendant violating his rights. In the "Date(s) of occurrence" section of the form, he lists six dates or date ranges going back to 2019. And in the space to identify the rights allegedly violated, he lists six separate rights. But the body of the complaint does not state what happened on those dates or explain how the defendants violated each of the listed rights. Johnson must plead with more specificity.

Johnson likely cannot join all the claims the complaint suggests together in a single action. The lists of disparate dates and legal theories suggest Johnson's claims did not arise out of the same transaction or occurrence. *See* Fed. R. Civ. P. 20(a)(2). "A plaintiff may set forth only related claims in one civil rights complaint." *Rosado v. Nichols*, 2:18-CV-195-JES-MRM, 2017 WL 1476255, at *6 (M.D. Fla. 2017). As the Seventh Circuit observed, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

To continue this action, Johnson must file an amended complaint that states his specific factual allegations in separate, numbered paragraphs. An amended complaint must give each defendant fair notice of the factual basis for the claim(s) asserted against him. If Johnson's claims against the defendants arise from separate, unrelated incidents, he can only pursue one in this action. To pursue more than one unrelated claim, Johnson must file separate complaints.

Accordingly, it is now

**ORDERED:**

Plaintiff Demetrious D. Johnson's Complaint (Doc. 1) is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to send Johnson a civil-rights complaint form. Johnson may file an amended complaint within **21 days** of this Order**. Otherwise, the Court will enter judgment and close this case.**

**DONE** and **ORDERED** in Fort Myers, Florida on February 2, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

3